UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES V. PARKS, | : | |
| | : | |
| Petitioner | : | No. 4:CV-05-1383 |
| | : | |
| vs. | : | (Judge McClure) |
| | : | |
| | : | |
| JOSEPH V. SMITH, Warden, | : | |
| | : | |
| Respondent | : | |

## **MEMORANDUM AND ORDER**

July 18, 2005

**Background**

      James V. Parks, an inmate presently confined in the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition is accompanied by an in forma pauperis application. Named as Respondent is USP-Lewisburg Warden Joseph V. Smith. Preliminary consideration has been given to the petition and it is the conclusion of this Court that it is appropriate to transfer the matter to the United States District Court for the District of Columbia.

Parks was convicted of first degree premeditated murder, assault with intent to kill; and related burglary and weapons charges following a jury trial in the Superior Court for the District of Columbia. See Parks v. United States, 656 A.2d 1137, 1138 (D.C. 1995). The charges stemmed from the June 30, 1990 shooting death of the Petitioner's former girlfriend.

Petitioner's present action challenges the legality of his D.C. conviction on the grounds that the prosecution: (1) suppressed exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963); (2) allowed perjured testimony to be given by Linda Page; and (3) solicited and employed perjured testimony by Charles Taylor. Parks adds that D.C. Code § 23-110 is an inadequate and ineffective remedy because it cannot be used to raise the issue of ineffective assistance of appellate counsel.[1]

**Discussion**

Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) is applicable to § 2241 petitions under Rule 1(b). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly

---

[1] Since the present petition does not include a claim of ineffective assistance by appellate counsel this argument is clearly not applicable.

appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

Although Petitioner filed this action pursuant to § 2241, District of Columbia offenders are considered state prisoners for purposes of the federal habeas corpus statutes.  See  Madley v. United States Parole Comm'n, 278 F.3d 1306, 1309 (D.C. Cir. 2002).  As a state prisoner, Parks must rely on 28 U.S.C. § 2254 to bring claims challenging the validity or the execution of his sentence.  See  Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001).  Thus, based on the nature of Petitioner's present claims, his action will be considered a petition brought pursuant to § 2254.

"The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].  28 U.S.C. § 2242, see also § 2243. . . .'[T]hese provisions contemplate a

3

proceeding against some person who has the **immediate** custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Rumsfeld v. Padilla, 124 S.Ct. 2711, 2717-18 (2004)(emphasis in original)(citations omitted). There is no question that this Court has jurisdiction over Parks' petition.

However, notwithstanding the issue of jurisdiction, a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a); See also, Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484 (1973). Habeas proceedings are generally considered civil in nature. See Hinton v. Braunskill, 481 U.S. 770, 776 (1987); Parrott v. Government of Virgin Islands, 230 F.3d 615, 620 (3d Cir. 2000)(the term "civil action" includes habeas petitions).

As previously noted, Parks is challenging the legality of his District of Columbia Superior Court conviction. The trial court is located within the jurisdiction of the United States District Court for the District of Columbia. All records of conviction, transcripts of proceedings, witnesses, counsel, and conviction records are likewise located within the District of Columbia. Thus, for the convenience of the

parties and in the interest of justice, the action will be transferred to the United States District Court for the District of Columbia. Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Petitioner is granted leave to proceed in forma pauperis for the sole purpose of filing this petition.
2. The Clerk of Court is directed to transfer this case to the United States District Court for the District of Columbia.
3. The Clerk of Court shall close this case.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge